**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MANUELL ROGERS,

    Plaintiff

v.

HIGH DESERT STATE PRISON, et al.,

    Defendants

Case No.:  2:25-cv-02430-APG-NJK

**Screening Order for Complaint**

ECF No. 1

Manuell Rogers, who is incarcerated in the custody of the Nevada Department of Corrections, has filed a civil rights complaint under 42 U.S.C. § 1983 and an application to proceed in forma pauperis. ECF Nos. 1-1, 1.  I will temporarily defer the matter of the filing fee. I now screen Rogers' civil rights complaint.

**I.    SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act requires a federal court to dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).  Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint.  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle them to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In making this determination, the court takes as true all allegations of material fact stated in the complaint and construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).  Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980).  While Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A formulaic recitation of the elements of a cause of action is insufficient. *Id*.

A reviewing court should "begin by identifying pleadings [allegations] that, because they

2

are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by an incarcerated person may be dismissed *sua sponte* if the claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.     SCREENING OF COMPLAINT**

Rogers sues High Desert State Prison (HDSP), North Nevada Correctional Center (NNCC), Jeremy Bean, and John Henley based on events that occurred during his incarceration at HDSP. ECF No. 1-1 at 1. Rogers brings three counts and seeks monetary and injunctive relief. *Id.* at 3-6. The complaint suffers from multiple, related defects.

As an initial matter, the complaint appears to bring many improperly joined claims in a single suit. A basic lawsuit is a single claim against a single defendant. Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant. Rule 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and

3

"any question of law or fact common to all defendants will arise in the action." **However, unrelated claims that involve different defendants must be brought in separate lawsuits**. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (holding that "[a] buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner"). These rules are not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that inmates pay the required filing fees for their lawsuits and prevent inmates from circumventing the three strikes rule under the Prison Litigation Reform Act. 28 U.S.C. § 1915(g).

Rather than explain any single claim in detail, the complaint is made up of single sentence bullet points of many different claims. Count I includes eight bullet points, the first four of which are: "I have been denied access to a wheelchair on a continuous basis," "I have been denied adequate medical treatment," "Denied a transfer from HDSP to NNCC due to points being high," and "was subjected to systematic discrimination." These brief allegations would appear to be about four separate, unrelated claims. Although some of the bullet points may overlap or go to the same claim, there does not appear to be any organization to make clear where one claim ends an another begins. Without more detail about each individual claim and the defendants involved in each claim, I cannot determine which, if any, of the claims can properly be joined in a single case.

I advise Rogers that each claim that is raised in any amended complaint must be permitted by either Rule 18 or Rule 20. Rogers may state a single claim against a single defendant. Rogers may then add any additional claims to his action that are against the same defendant under Rule 18. Rogers may also add any additional claims against other defendants **if**

4

**those claims arise from the same transaction, occurrence, or series of transactions as his original claim**. Fed. R. Civ. P. 20(a)(2).

Claims may not be joined merely because they occurred in the same prison, the violators had the same supervisor, or the claims are based on the same type of constitutional violation. Rogers may not evade these requirements merely by alleging that he told the same person about them or by making conclusory allegations that all the defendants are engaging in a conspiracy or campaign of harassment. Rogers also may not evade these requirements by including multiple causes of action in a part of the complaint form reserved for one claim.

In addition to the issue of improperly joined claims, the complaint fails to abide by the Federal Rules of Civil Procedure concerning clarity of a complaint. The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A district court has the power to dismiss a complaint when a plaintiff fails to comply with Rule 8. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981). If the factual elements of a cause of action are not organized into a short and plain statement of a particular claim, a district court may dismiss for failure to comply with Rule 8. *Sparling v. Hoffman Const. Co.*, 864 F.2d 635, 640 (9th Cir. 1988). Furthermore, under Rule 10(b), "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count."

The brief bullet points included in the complaint are not sufficient to show that Rogers is entitled to relief. For example, Rogers states that he has been subject to systemic discrimination. But Rogers provides no details about the nature of the discrimination, when it happened, or who was responsible for the alleged discrimination. Brief conclusory allegations about discrimination

are not sufficient to show that Rogers is entitled to relief.  Although Rogers does not need to provide every detail of the alleged violations, he must allege enough specific facts to show who violated his rights and how. Additionally, Rogers must separate claims based on separate incidents into separate counts so that the court and the defendants can understood what claims he is trying to bring.

Furthermore, the complaint does not provide specific facts about any of the defendants. Rogers names HDSP, NNCC, Warden Jeremy Bean, and Warden John Henley as defendants. HDSP and NNCC are inanimate buildings, not a persons or entity subject to liability.  *See Allen v. Clark Cnty. Det. Ctr.*, 2:10-CV-00857-RLH, 2011 WL 197201, *4 (D. Nev. Jan. 20, 2011) (finding that "[t]he law defines persons as including natural persons (*i.e.*, human beings) as well as corporations and political subdivisions. However, objects such as buildings do not fit within this definition.").  Therefore, Rogers cannot state a colorable claim against HDSP and NNCC so I dismiss them from the case with prejudice as amendment would be futile.

As for defendants Bean and Henley, who are both listed as wardens, Rogers appears to name them because of their roles as supervisors.  But a defendant is liable under 42 U.S.C. § 1983 "only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.  There is no respondeat superior liability under [§]1983." *Id*.; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (holding that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

Because the complaint does not include any allegations about Bean and Henley, it cannot state a colorable claim against either of them, so I dismiss both of them from the case without prejudice.

## III.    LEAVE TO AMEND

Rogers is granted leave to file an amended complaint to cure the deficiencies of the complaint.  If Rogers chooses to file an amended complaint, he is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).  Rogers's amended complaint must contain all claims, defendants, and factual allegations that Rogers wishes to pursue in this lawsuit.  Moreover, Rogers should file the amended complaint on this court's approved prisoner civil rights form, and it must be entitled "First Amended Complaint."

If Rogers chooses to file an amended complaint, he must file it by **April 30, 2026**.  If Rogers chooses not to file an amended complaint, this action will be dismissed without prejudice.

## IV.    CONCLUSION

I THEREFORE ORDER that a decision on the application to proceed in forma pauperis (ECF No. 1) is deferred.

I FURTHER ORDER the Clerk of Court to file Rogers' complaint (ECF No. 1-1) and send Rogers a courtesy copy of the complaint.

I FURTHER ORDER that the complaint is dismissed without prejudice and with leave to amend.

I FURTHER ORDER that defendants High Desert State Prison and North Nevada Correctional Center are dismissed from the case with prejudice, as amendment would be futile.

I FURTHER ORDER that defendants Jeremy Bean and John Henley are dismissed from the case without prejudice.

I FURTHER ORDERED that, if Rogers chooses to file an amended complaint curing the deficiencies of his complaint, as outlined in this order, Rogers will file the amended complaint by **April 30, 2026**.

I FURTHER ORDER that the Clerk of the Court is directed to send to Rogers the approved form for filing a § 1983 complaint and instructions for the same.  If Rogers chooses to file an amended complaint, he should use the approved form, and he will write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

I FURTHER ORDER that, if Rogers does not file an amended complaint curing the stated deficiencies of the complaint by **April 30, 2026**, this action will be dismissed.

Dated: March 30, 2026

_____
Chief United States District Judge